UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LLOYD LILE LINDSEY, III** | * |
| | * |
| | *    CASE NO.: 3:16-CV-00243-JJB-RLB |
| **VERSUS** | * |
| | * |
| | * |
| **MEDTRONIC, INC., ET AL.** | * |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**

The Motion to Transfer filed by Defendants, Medtronic Sofamor Danek USA, Inc. ("MSDU") and Medtronic, Inc. (collectively, "Defendants"), should be denied because this is a Louisiana case, and both the facts and the law dictate that it should be litigated here.

**I.    A NULL & VOID FORUM CLAUSE IS THE ONLY LINK TO MINNESOTA.**

The Louisiana-centric nature of this action is beyond dispute. Plaintiff, Lloyd Lile Lindsey, III ("Lindsey"), is a lifelong Louisiana resident. Defendants came to Louisiana and recruited Lindsey to leave his job with their competitor and become a sales representative for them. The Employment Agreement that is the focus of Lindsey's declaratory judgment claims was mailed to and signed by Lindsey at his home in Louisiana. All of the work Lindsey performed over the course of his employment with MSDU, and all of the customers he called upon for MSDU, were in Louisiana. After resigning from his job with MSDU, Lindsey took a position with K2M, Inc. in Louisiana. In this lawsuit, he seeks a declaration of his right to pursue this case in Louisiana where he lives and works and *continue* working in spine sales in Louisiana.

The **only** connection this case has to Minnesota is the forum selection clause in the Employment Agreement that MSDU required Lindsey to sign. Defendants admit that neither of

4437520_1

the two subsidiary companies involved in Medtronic's spine business are Minnesota companies or based in Minnesota. *See, e.g.,* Mem. in Support of Def. Mot. to Transfer, Rec. Doc. 10-1, at pp. 2-3. Lindsey's employer, MSDU, is a Tennessee corporation headquartered in Memphis. *See also* Lindsey Decl., Rec. Doc. 5-6, at pp. 2-3, ¶¶ 5-10; Lindsey's Paycheck from MSDU, Rec. Doc. 5-6, at p. 15. The only Minnesota company that is a party in this case, Medtronic, Inc., was never Lindsey's employer. Defendants have done their best to conceal this critical fact by referring to MSDU and Medtronic, Inc., a parent company two levels above MSDU in the corporate ladder, collectively as "Medtronic." *E.g.*, Mem. in Support of Def. Mot. to Transfer, Rec. Doc. 10-1, at p. 2 ("Defendants are collectively referred to herein as 'Medtronic.'"). And, although Lindsey's Employment Agreement states that it is "**deemed** entered into in the State of Minnesota," Defendants admit that it was actually entered into and performed in Louisiana.[1] Such duplicitous behavior is a great example of why the Legislature believed it necessary to enact La. Rev. Stat. 23:921(A)(2) in the first place.[2]

In any event, such tactics cannot hide the fact that the forum selection clause is **null and void** as a matter of law, based on the unambiguous language of La. Rev. Stat. § 23:921(A)(2):

> **The provisions of every employment contract or agreement, or provisions thereof, by which any foreign or domestic employer or any other person or entity includes a choice of forum clause or choice of law clause in an employee's contract of employment** . . . **shall be <u>null and void</u>** except where the choice of forum clause or choice of law clause is expressly, knowingly, and voluntarily agreed to and ratified by the employee after the occurrence of the incident which is the subject of the civil or administrative action.

---

[1] *Compare* Employment Agr., Rec. Doc. 5-6, at p. 12, ¶ 7.1 ("this Agreement is deemed entered into in the State of Minnesota between MEDTRONIC and Employee"), *with* Defendants' Answer, Rec. Doc. 23, at p. 3, ¶¶ 11-12 ("Medtronic admits that its offer of employment to Plaintiff was expressly conditioned on Plaintiff signing a Medtronic Employee Agreement . . . [and] that its offer letter to Plaintiff was addressed to Plaintiff in Louisiana and enclosed a copy of the Medtronic Employee Agreement.").

[2] *See also Bell v. Rimkus Consulting Grp., Inc. of La.*, 07-996 (La. App. 5 Cir. 3/25/08), 983 So. 2d 927, 930 (invalidating choice of law clause that included a stipulation regarding location where contract had been executed and applying Louisiana law instead).

4437520_1

It is undisputed (and this action is conclusive proof) that Lindsey has not so ratified the clauses; thus, they are invalid.

## II. THIS COURT DENIED TRANSFER UNDER NEARLY IDENTICAL CIRCUMSTANCES.

In *Kimball v. Healthcarefirst*, No. 12-395-JJB-SCR, 2012 WL 3061795, at *1 (M.D. La. July 24, 2012), this Court denied a motion to transfer in a very similar case involving a non-compete agreement that contained Missouri choice of forum and choice of law clauses. After the Louisiana plaintiff filed a declaratory judgment action in this Court, the defendant filed a motion to dismiss or to transfer the case to Missouri. *See id.* This Court denied the motion, finding that "Louisiana is the proper venue for this action." *Id.* Citing the Louisiana Supreme Court's recognition that La. R.S. 23:921(A)(2) represents "a strong expression of Louisiana public policy concerning forum selection clauses" that justifies refusal to enforce a forum selection clause, and well-established precedent, the Court held that the forum selection clause was "null and void and the suit will stay in the Middle District of Louisiana." *Id.* (citations omitted). This Court should reach the same result here.

## III. CHOICE OF FORUM CLAUSES THAT CONTRAVENE STRONG PUBLIC POLICIES OF THE FORUM STATE ARE UNREASONABLE AND MUST YIELD UNDER LOUISIANA AND FEDERAL LAW.

Medtronic does not deny—as it is crystal clear—that Louisiana has a strong public policy, recognized by the Louisiana Supreme Court, concerning choice of law and choice of forum provisions in employment agreements like the ones Medtronic seeks to enforce here:

> Louisiana Revised Statute 23:921A(2) is **a strong expression of Louisiana public policy concerning forum selection clauses** wherein the legislature **clearly intended to allow Louisiana courts to adjudicate the claims of plaintiffs who have properly invoked their jurisdiction**. **Thus, suits validly filed in this state can remain here, despite forum selection clauses to the contrary** unless the clause was expressly, knowingly, and voluntarily entered into and ratified after the

-3-

occurrence of the incident which gives rise to the litigation. **The legislature has expressed <u>Louisiana's strong policy with a legitimate concern</u> for providing justice to those parties who would otherwise be entitled to adjudication in a Louisiana court** . . . The requirement that forum selection clauses be expressly, knowingly and voluntarily entered into and ratified after the occurrence of injury is a reasonable condition, and is appropriately geared toward Louisiana's **<u>public policy decision</u>** to allow its state courts to adjudicate claims brought within its jurisdiction.[3]

Courts have consistently and repeatedly invalidated contractual choice of forum and choice of law clauses in employment agreements based on La. Rev. Stat. § 23:921(A)(2).[4] Under Louisiana law, choice of law or choice of forum clauses are not enforced where doing so would contravene a strong public policy.[5]

Practically speaking, Louisiana law is akin to federal law in this regard. As the Supreme Court stated in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972): "A contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong

---

[3] *Sawicki v. K/S Stavanger Prince*, 01-0528 (La. 12/07/01), 802 So. 2d 598, 606 (emphasis added).

[4] *See, e.g.*, *NCH Corp. v. Broyles*, 749 F.2d 247, 250-51 (5th Cir. 1985); *Bell*, 2015 WL 429973, at *6; *Plunk v. LKQ Birmingham, Inc.*, No. 12-2680, 2013 WL 5913755, at *5 (W.D. La. Oct. 31, 2013); *Kimball*, 2012 WL 3061795, at *1; *Westbrook v. Pike Elec., L.L.C.*, 799 F. Supp. 2d 665, 670-71 (E.D. La. 2011); *Lobrano v. C. H. Robinson Worldwide Inc.*, No. 10-CV-1775, 2011 WL 52602, at *4 (W.D. La. Jan. 7, 2011) *Lobrano v. C. H. Robinson Worldwide, Inc.*, No. 10-cv-1775, 2011 WL 52602 (W.D. La. Jan. 7, 2011); *Ferrellgas, L.P. v. McConathy*, No. 1:10-CV-00178, 2010 WL 1010831, at *2 (W.D. La. Mar. 15, 2010); *Restivo v. Hanger Prosthetics & Orthotics, Inc.*, 483 F. Supp. 2d 521, 529 (E.D. La. 2007); *Tech. Indus. v. Banks*, 419 F. Supp. 2d 903, 908 (W.D. La. 2006); *Frederic v. Hladky*, No. 00-0481, 2000 WL 805233, at *3 n.1 (E.D. La. June 22, 2000); *Gearheard v. De Puy Orthopaedics, Inc.*, No. 99-1091, 1999 WL 638582, at *4 (E.D. La. Aug. 19, 1999); *Ashland Chem., Inc.v . Lombardino*, No. 93-2434, 1993 WL 390147, at *2-3 (E.D. La. Sept. 23, 1993); *Fine v. Prop. Damage Appraisers, Inc.*, 393 F. Supp. 1304, 1308 (E.D. La. 1975); *O'Hara v. Globus Med., Inc.*, 2014-1436 (La. App. 1 Cir. 8/12/15), 181 So. 3d 69, 80; *Bell*, 983 So. 2d at 932; *Keramidas v. Profile Shipping Ltd.*, 00-1852 (La. App. 5 Cir. 10/16/02), 832 So. 2d 314, 318.

[5] Louisiana courts also refuse to honor choice of law provisions if "the law chosen does not have a significant relationship to the contract." *Lafayette Stabilizer Repair, Inc. v. Mach. Wholesalers Corp.*, 750 F.2d 1290, 1294 (5th Cir. 1985); *Employers Mut. Cas. Co. v. Precision Const. & Maint., LLC*, No. 14-1420, 2015 WL 5254706, at *5 (E.D. La. Sept. 8, 2015). The only connection between the case and Minnesota is that Medtronic, Inc., a parent company two levels up from Lindsey's former employer, maintains its corporate headquarters there. This is far too tenuous of a connection to satisfy the "significant relationship" standard. *See Myers*, 2003 WL 23507021, at *2-3 ("As the only contact plaintiff apparently has had with Connecticut apparently is by virtue of her employer's state of incorporation, Louisiana law applies."); *Lobrano*, 2011 WL 52602 (W.D. La. Jan. 7, 2011) (noting that Minnesota's interests in the dispute were "insignificant" in comparison to Louisiana's, as the only contact it had with the parties' employment relationship was the fact that the company's headquarters were located in Minnesota); *Kimball*, *supra*.

4437520_1

public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." Thus, even to the extent that federal law applies to the analysis of whether the forum selection clause in this case is "valid," the cases Medtronic cites recognize that a forum selection clause will not be enforced where it is shown to be "unreasonable," and "[a] **forum selection clause may be considered unreasonable if . . . (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state**." *Braspetro Oil Servs. Co. v. Modec (USA)*, 240 F. App'x. 612, 615 (5th Cir. 2007) (citation omitted); *accord Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 442 (5th Cir. 2008) (recognizing that forum-selection clause would be unreasonable if it violated Louisiana public policy). *See also, e.g, Mayeux's A/C & Heating, Inc. v. Famous Const. Corp.*, No. 97-0767, 1997 WL 680597, at *1 (E.D. La. Oct. 31, 1997) ("there is a Louisiana statute which proclaims without hesitation or ambiguity that forum selection clauses, in the circumstances provided here, are 'null and void and unenforceable as against public policy'. If the statement by the Supreme Court in *Bremen* that '[a] contractual choice-of-forum clause should be held unenforceable is enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision' . . . is to have any meaning whatsoever, it must apply to the present circumstances and be interpreted to invalidate the forum selection clause in question.").

IV. **THE LEGAL STANDARD FOR TRANSFER UNDER 28 U.S.C. § 1404(a)**

The motion is based on 28 U.S.C. § 1404(a), which allows a court to transfer a civil action "for the convenience of the parties and witnesses" and "in the interest of justice." Doing so will be **inconvenient** for the parties and witnesses, and will **not** serve the interests of justice. It will only serve the interests of an entity who was not Plaintiff's employer.

    A. **The Private Interest Factors Weigh Heavily Against Transfer.**

        1. **Relative Ease of Access to Sources of Proof Weighs Against Transfer.**

4437520_1

Defendants offer no explanation for why or how their unidentified documents that bear on this case are allegedly located in Minnesota. Because Medtronic's spine business is based in Tennessee,[6] the key documents are more likely to be in Tennessee, not Minnesota.

### 2. Lack of Compulsory Process to Secure Attendance of Witnesses, & the Cost of Attendance for Witnesses, Weighs Against Transfer.

Each of the Louisiana Representatives live in Louisiana. The physician and hospital customers at issue are located in Louisiana. Mark Eller, HR Consultant at Medtronic, is based in Memphis, and Michelle Gaulding, Plaintiff's former manager, is based in Texas. All of these witnesses are outside the subpoena power of the District of Minnesota, and Baton Rouge is more convenient than Minneapolis for all of them.

Defendants have not identified any other Minnesota-based witnesses who might testify. But, even if there are any, they are employees of Defendants who could come to Louisiana at Defendants' direction. For them to do so would impose no significant burden on Defendants—which allege that they are the "largest medical device maker in the world" and "employ[] over 85,000 people in the United States." *See* Doc. 9-4, ¶¶ 2, 7.

### 3. The Trial Would be Easier, More Expeditious, and Less Expensive in Louisiana, Which Weighs Against Transfer.

Proceeding in Louisiana makes the most sense because this case is the first-filed case, it is already progressing, and the logistics of getting the participants to court in Baton Rouge are much less difficult than getting them to Minneapolis.

### B. The Public Interest Factors Weigh Heavily Against Transfer

### 1. This Court is More Familiar With Louisiana Law, Which Governs.

---

[6] *See* Gaulding Decl., Rec. Doc. No. 10-3, at p. 2, ¶ 4 ("Medtronic's spine business is conducted through its Medtronic Sofamor Danek subsidiaries").

Medtronic argues that the Minnesota federal court would be better equipped to apply Minnesota law. But, Medtronic's argument starts from the flawed premise that its choice of law clause is valid and enforceable. Louisiana's choice of law rules apply in this diversity case. *See Williamson Pounders Architects PC v. Tunica Cty., Miss.*, 597 F.3d 292, 295 (5th Cir. 2010); *Kimball v. Healthcarefirst*, No. 12-395-JJB-SCR, 2012 WL 3061795, at *1 (M.D. La. July 24, 2012) ("A district court sitting in diversity is to apply the Louisiana approach to conflicts of law."). And as this Court held in *Kimball*, not only was Louisiana the proper venue for the action, but also "Louisiana law should govern." *Kimball*, 2012 WL 3061795, at *1.

### 2. Louisiana's Interest in Having this Local Controversy Decided in Louisiana Weighs Against Transfer.

This factor generally favors the venue with the strongest connection to the case. *See Richard v. Inland Dredging Co. LLC*, 15-CV-654, 2015 WL 4601126, at *7 (W.D. La. July 28, 2015); *Shull v. United Barge Lines,* No. 09–5515, 2010 WL 745006, at *5, n. 5 (E.D.La. Feb.26, 2010). The employees and customers affected are here, and the Louisiana legislature and Louisiana Supreme Court *have already expressly spoken* to Louisiana's legitimate and strong interest in having this dispute decided here. Defendants do not even attempt to argue that this factor weighs in favor of transfer. *See* Rec. Doc. No. 10-1 at pp. 15-16.

### 3. Administrative Factors Weigh Against Transfer.

Although both courts appear to be quite busy districts, according to data published by the Administrative Office of U.S. Courts, the District of Minnesota was, in 2015, a more congested court.[7] This factor, accordingly, tilts slightly against transfer.

### 4. A Transfer Will Not Eliminate the Dispute Over Conflict of Laws.

---

[7] *See, e.g.,* http://www.uscourts.gov/statistics/table/42/judicial-facts-and-figures/2015/09/30; www.mnd.uscourts.gov; www.lamd.uscourts.gov (last visited April 30, 2016).

4437520_1

The parties' vigorous dispute whether Louisiana or Minnesota law governs the validity and interpretation of the Employment Agreement will undoubtedly persist even if the case were to be transferred. Thus, as this Court has recognized, this factor weighs against transfer. *See Extex Prod., Inc. v. Mid Continent Cas. Co.*, No. 07-760-JJB-DLD, 2008 WL 191650, at *7 (M.D. La. Jan. 22, 2008) ("This conflict will not disappear as a result of a transfer to Texas. Thus, whether this case goes to Texas or stays in Louisiana, one of the courts will have to decide which state's law to apply. This factor does not favor transfer."). Judicial economy and efficiency weigh in favor of this Court deciding that issue, which is already briefed here.

C.      **Defendants' Cases Are Distinguishable & Do Not Govern the Facts Here.**

Defendants cite to two cases decided by Judge Polozola years *before* this Court decided *Kimball*. *Berg* and *Shaw* misconstrue the holding of the Supreme Court's decision in *Stewart Org., Inc. v. Ricoh,* 487 U.S. 22, 28 (1988), which confirms that the validity of a choice of forum clause is a factor to be considered in a 1404(a) transfer analysis.[8] In addition, *Berg* and *Shaw* are not binding on this Court and do not apply to the facts of the instant case.

The forum selection clause at issue in *Berg* was not located in the plaintiff's employment agreement, but in the defendant's articles of incorporation. *Berg v. Sage Env'l Consulting of Austin, Inc.*, 381 F. Supp. 2d 552, 554 (M.D. La. 2005). Regardless of its validity, the *Berg* court found that the forum selection clause was dispositive of the transfer motion because the employee would not be prejudiced if he was forced to litigate in Texas, which was only a one-hour, non-stop flight away from his home in Baton Rouge; venue was equally proper in both Louisiana and Texas; witnesses and documents were easily accessible in both forums; and none of the other factors suggested that Louisiana was a more convenient forum for the litigation. *Id.*

---

[8]     *Shaw* and *Berg* appear to misconstrue footnote 9 in *Stewart*, which merely states that the court in that case did not need to determine whether the Alabama statute at issue applied only to cases in Alabama state courts or to cases in Alabama federal court, as well.

at 557.  Here, in contrast, Lindsey will be severely prejudiced if forced to litigate approximately 1200 miles away from his home and family, particularly with effectively all other factors weighing in favor of the litigation remaining in Louisiana.

Unlike the instant case, in *Shaw*, "the forum selection clause was freely and fairly negotiated between the parties, both of which [were] experienced business corporations." *Shaw Group, Inc. v. Natkin & Co.*, 907 F. Supp. 201, 205 (M.D. La. 1995).  Lindsey was not given an opportunity to negotiate with Medtronic over the Minnesota choice of forum/law clauses in his Employment Agreement.  Indeed, Medtronic has admitted that these clauses are part of the non-negotiable form employment agreement used for all of the company's United States employees.[9]  Other Louisiana federal district courts have refused to give significant weight to forum selection clauses in these types of circumstances.  *E.g.*, *Hazard v. Jackson Nat. Life Ins. Co.*, No. 97-3728, 1998 WL 780117, at *4 (E.D. La. Nov. 3, 1998) ("The forum selection clause in the 1994 contracts do not appear to have been bargained-for changes which accurately represented the wishes of the plaintiffs . . . At this point, the court cannot give this forum selection clause the kind of deference it would give to one which was the result of arm's-length bargaining between two equal parties . . . Even if the court were to assume that the forum selection clause in the contract were valid, the other factors would still overwhelmingly favor the plaintiffs, and the court could, in its discretion, deny the motion to transfer.").

Moreover, the conclusion in *Shaw* that it was "unnecessary" to decide whether a forum selection clause was enforceable under Louisiana law is inconsistent with binding precedent holding that forum selection clauses are unreasonable and should not be enforced when they contravene a strong public policy of the forum state.  *See, e.g.*, *Bremen*, 407 U.S. at 15, *supra*;

---

[9] *See* Ziebell Decl., Rec. Doc. 9-4, at p. 2, ¶¶ 8-9.

*Braspetro*, 240 F. App'x. at 615, *supra*; *Afram Carriers, Inc. v. Moeykens*, 145 F.3d 298, 302 (5th Cir. 1998) ("A forum-selection clause is potentially unreasonable when it would undermine a strong public policy of the forum.") (internal quotations & citation omitted).[10]

## CONCLUSION

For the foregoing reasons, Defendants' motion to transfer should be denied.

Respectfully submitted,

/s/ Thomas J. McGoey II
Thomas J. McGoey, II (Bar #18330)
Wm. Brian London (Bar #33948)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
tjmcgoey@liskow.com
wblondon@liskow.com

**Attorneys for Lloyd Lile Lindsey, III**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served upon all counsel of record by placing same in the United States mail, properly addressed and postage prepaid, via electronic mail, and/or through the Court's electronic filing system, on this 1st day of May, 2016.

/s/ Thomas J. McGoey II

---

[10] In decisions that pre-date both *Shaw* and *Berg*, this Court has likewise recognized that a forum selection clause should not be enforced to the extent it contravenes Louisiana's strong public policy. *See Clarkco Contractors, Inc. v. Tex. E. Gas Pipeline Co., a Div. of Tex. E. Transmission Corp.*, 615 F. Supp. 775, 776 (M.D. La. 1985) ("[I]f Clarkco can show that enforcing the forum selection clause in this contract would contravene a strong Louisiana public policy, enforcement would be unreasonable and under the teaching of *Bremen, supra*, that provision should not be enforced.").